## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Miller

September 21, 1989

Case No. CF890269

By JUDGE ALFRED D. SWERSKY

This matter is before the Court on defendant's Motion to Suppress certain evidence seized after a search of the defendant's person following an alleged traffic stop. The motion must be denied.

The officer observed a motor vehicle in the early morning hours of November 21, 1988, parked with two occupants in it. Because of the neighborhood and the late hour, the officer circled the block. When his marked cruiser appeared, the vehicle drove off without its headlights on. After following the vehicle for three blocks, the officer observed the lights come on. Subsequent to this, he stopped the vehicle; asked the driver for license and registration and none was produced; observed an odor of alcohol and asked defendant if he had been drinking. The defendant acknowledged that he had had one beer and appeared to the officer to be nervous, trembling, and apprehensive. He noticed that the defendant's coat was turned inside out. He asked the defendant to step outside the car for purposes of administering field sobriety tests, and another officer had arrived and was present. The officer asked if defendant had any weapons and "anything else he should not have," and Miller responded that he did not. The officer asked Miller if he minded if the officer looked, and he said "No" and raised his hands. A pat-down search followed and a small bottle was found containing small rock-like

objects. Further search revealed $450 in cash. The defendant was arrested, his car impounded, and an inventory search disclosed a small rock-like object under the passenger's seat.

The officer testified that from the first sighting of the vehicle, he was suspicious that illegal drug activities were taking place and that he did not stop the vehicle until after the headlights were turned on; further, there was no other erratic or unlawful driving observed and that the defendant responded in a coherent manner to his questions.

Miller attacks the search and seizure on two fronts. First, he contends that the initial stop was illegal, without probable cause, and a pretext stop for the officer to investigate what he considered to be suspicious activities. This argument fails because the actions of the officer in affecting the traffic stop must be viewed on an objective basis; i.e., without regard to the underlying intent or motivation of the officers involved. *Limonja v. Commonwealth*, 7 Va. App. 416 (1988), affirmed *en banc*, 8 Va. App. 532 (1989).

Driving without headlights is a violation of state law (§ 46.1-268, Code of Virginia), and under the test of what a reasonable officer would have done, the Court finds that a reasonable officer observing this conduct would have acted as the officer did in this case, that is, stop to investigate and issue a citation if appropriate. Defendant argues that since the stop occurred after his illegal conduct ceased (he turned on the headlights), the Court must look to the motivation of the officer in making the stop. However, this approach was rejected by the Court of Appeals in *Limonja*, *supra*, 8 Va. App. at pages 537-539. This Court declines to apply a subjective test to this stop.

Next, Miller contends that the search of his person was improper because the officer had no probable cause to search his person. The Commonwealth argues that the search was consensual, and the evidence supports this position. Having determined that there is no primary illegality in the stopping of defendant, the conduct of the officer, measured by a totality of all of the circumstances, gave rise to a valid and freely given consent. *Schneckcloth v. Bustamonte*, 412 U.S. 218 (1973).

While Miller argues that the officer's training and experience would make him assertive and in a position to control the scene with which he has been confronted, no overt conduct on the officer's part has been shown that compelled him to consent to the search. No show of force was made, no threats, no deceptions as to identity or purpose were shown. *Lowe v. Commonwealth*, 218 Va. 620 (1977). In fact, the officer first asked Miller if he had any weapons or "anything else he should not have," and when Miller responded that he did not, the officer asked, not demanded, if he could look. Miller agreed and raised his hands without being ordered to or even asked to. His consent is manifest.

For the foregoing reasons, the Motion to Suppress must be denied.